1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER NOEL WENTZELL          )
                                   )
            Petitioner,            )          2:10-cv-01024-RLH-RJJ
                                   )
vs.                                )          **ORDER**
                                   )
                                   )
D.W. NEVEN, *et al.*,              )
                                   )
            Respondents.           )
_____/

Christopher Noel Wentzell, a Nevada prisoner, has submitted an application for leave to proceed *in forma pauperis* (docket #1) and a petition for a writ of habeas corpus (attached at docket #1).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status.  He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition.  The petition will be ordered file and docketed.  However, the respondents will not be required to answer the petition, because it appears that the petition was submitted outside the applicable limitations period and is a second or successive petition. The petition is likely subject to dismissal on those bases.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d)(1).

1    The AEDPA statute of limitations has serious implications for petitioner.   According to the habeas

2    corpus petition, petitioner was convicted on April 29, 1996.  He filed an untimely appeal of the

3    conviction, as well as an untimely post-conviction review in the state court and then filed a federal

4    petition for writ of habeas corpus.[1]  It is now more than fourteen years since the conviction became

5    final.

6            However, the limitations period is not the sole problem with the petition. It also

7    appears that this is a second or successive petition which requires petitioner to seek and obtain leave

8    of the Ninth Circuit Court of Appeal to pursue.  *See* 28 U.S.C. § 2244(b)(3).   Petitioner admits in the

9    instant federal petition that he did not receive permission from the Ninth Circuit Court of Appeals to

10   file this second petition.  Petitioner instead argues that he can demonstrate that he is "actually

11   innocent" therefore he has defeated any procedural bars.  However, "before the district court may

12   accept a successive petition for filing, the court of appeals must determine that it presents a claim not

13   previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."

14   *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); *Williams v. Ornoski*, 431 F.3d 1211 (9th Cir. 2005).

15   Moreover, in a very recent opinion, the Ninth Circuit also found that actual innocence is not a

16   sufficient excuse to overcome an untimely filed petition.  *See Lee v. Lambert,* No. 09-35276, 2010

17   (9th Cir. July 6, 2010).

18           Petitioner cannot show that he obtained leave to file a second or successive petition

19   from the Court of Appeals.  Therefore the court is required to dismiss the petition.

20   **Certificate of Appealability**

21           In order to proceed with his appeal, petitioner must receive a certificate of

22   appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

23   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

24

25       [1]  Petitioner filed his first federal habeas action, 3:98-cv-0079-ECR-PHA, in June 1998.  This court denied the petition as untimely on March 12, 1999.  The Ninth Circuit denied petitioner a certificate of appealability in that action.

26

1  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

2  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

3  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

4  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

5  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

6  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

7  or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

8          Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

9  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

10  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

11  notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This court has

12  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

13  issuance of a certificate of appealability, and determines that none meet that standard.  The court will

14  therefore deny petitioner a certificate of appealability.

15          **IT IS THEREFORE ORDERED** that petitioner's application for leave to proceed *in*

16  *forma pauperis* is **GRANTED**.  Petitioner shall not be required to pay a filing fee to file his habeas

17  corpus petition.

18          **IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** the

19  petition for writ of habeas corpus (attached at docket #1).

20          **IT IS FURTHER ORDERED** that the petition is **DISMISSED.**

21          **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

22  The Clerk shall enter Judgment accordingly.

23          Dated this 9th day of July, 2010.

24

25  _____

      CHIEF UNITED STATES DISTRICT JUDGE

26

3