**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER NOEL WENTZELL      )
                               )
    Petitioner,              )      2:10-cv-01024-RLH-RJJ
                               )
vs.                            )      **ORDER**
                               )
                               )
D.W. NEVEN, *et al.*,          )
                               )
    Respondents.             )
_____/

       This matter is on remand from the Ninth Circuit Court of Appeals to permit petitioner Christopher Wentzell, appearing with counsel, an opportunity to address the Court's concerns about the timeliness of his § 2254 habeas petition. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Day v. McDonough*, 547 U.S. 198, 210 (2006). In light of the opinion issued by the Circuit Court, which found the *sua sponte* dismissal of the petition on the basis of the statute of limitations to be improper without first allowing petitioner an opportunity to present arguments, the case shall be reopened and the petition shall be served upon respondents.

       The AEDPA statute of limitations has serious implications for petitioner. According to the habeas corpus petition, petitioner was convicted on April 29, 1996. He filed an untimely appeal of the conviction, as well as an untimely post-conviction review in the state court and then filed a

federal petition for writ of habeas corpus.[1]  It is now more than seventeen years since the conviction became final.  However, because petitioner is now represented by counsel, he shall be permitted to amend his petition if he desires and he will be given an opportunity to present any arguments or evidence that he may have to overcome the limitations bar under 28 U.S.C. § 2244(d).  Respondents will be permitted to respond.

**IT IS THEREFORE ORDERED** that the Clerk shall **REOPEN** the file and **ELECTRONICALLY SERVE** the petition (ECF No. 3) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **sixty (60)** days from entry of this order within which to file an amended petition and set forth any arguments and admissible evidence showing that his petition is not subject to the statute of limitations imposed by 28 U.S.C. § 2244(d).  Thereafter, respondents will have **thirty (30)** days to respond and petitioner **thirty (30)** days to reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed shall further be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

Dated this 11th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner filed his first federal habeas action, 3:98-cv-0079-ECR-PHA, in June 1998.  This court denied the petition as untimely on March 12, 1999.  The Ninth Circuit denied petitioner a certificate of appealability in that action.