# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER WENTZELL,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

Case No. 2:10-cv-01024-RLH-GWF

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. Pending before the Court is respondents' motion to dismiss the amended petition. (ECF No. 48).

**I. Procedural History**

    In the Sixth Judicial District Court for the State of Nevada, County of Humboldt, petitioner and two co-defendants were charged with solicitation to commit murder, principal to attempted murder, and principle to theft. (Exhibit 6).[1] Pursuant to negotiations with the State, petitioner waived his right to a preliminary hearing and entered into a plea agreement. (Exhibits 4 & 5). On January 17, 1996, petitioner entered pleas of guilty to the following: Count I, solicitation to commit murder; Count II, principal to attempted murder; and Count III, principal to theft. (Exhibits 7 & 8). On April 29, 1996, the state district court sentenced petitioner to ten years on Counts I and III, and

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 39-42, unless otherwise specified.

twenty years on Count II, with all sentences running consecutively. (Exhibit 11). The judgment of conviction was entered on April 29, 1996. (Exhibit 13).

On June 12, 1996, petitioner filed a "notice of appeal to modify sentence." (Exhibit 16). On August 20, 1996, in Case No. 28882, the Nevada Supreme Court filed an order dismissing the appeal as untimely. (Exhibit 19).

On January 13, 1997, petitioner filed a "petition for writ of error (coram nobis)." (Exhibit 21). Petitioner claimed that his trial counsel was ineffective for failing to file a timely notice of appeal. Petitioner claimed that the court failed to advise him of his right to appeal or his right to an attorney on appeal during plea proceedings. Petitioner also claimed that the court failed to advise him of his collateral rights. On February 12, 1997, the state district court denied the petition for writ of error (coram nobis). (Exhibit 22).

On June 18, 1997, petitioner filed a notice to seek a belated direct appeal. (Exhibit 23). By order filed November 7, 1997, in Case No. 30610, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. (Exhibit 25). Remittitur issued on December 1, 1997. (Exhibit 26).

On February 11, 1998, petitioner dispatched a *pro se* federal habeas corpus petition to this Court and the petition was filed in Case No. CV-N-98-cv-00079-ECR-PHA. (Respondents' Exhibit 28). Petitioner raised three claims: (1) counsel was ineffective for failing to advise petitioner of his appellate rights; (2) petitioner was deprived of due process and equal protection due to the state district court's failure to find that counsel was ineffective in failing to advise him of his appellate rights; and (3) counsel was ineffective for failing to advise the court that petitioner could not afford counsel on appeal. The State filed a motion to dismiss the petition as untimely. (*Id.*). On February 12, 1999, the Magistrate Judge filed a report and recommendation finding that the petition was untimely. (Respondents' Exhibit 40). On March 12, 1999, the late United States District Judge Edward C. Reed issued an order approving and adopting the report and recommendation. (Respondents' Exhibit 43). Judgment was entered on March 12, 1999. (Respondents' Exhibit 44). Petitioner filed a notice of appeal and request for certificate of appealability. (Respondents' Exhibits 46 & 47). This Court denied the request for a certificate of appealability. (Respondents' Exhibit 48). The Ninth Circuit Court of Appeals also denied petitioner's request for a certificate of

appealability. The United States Supreme Court denied the petition for writ of *certiorari*. (Docket, Case No. CV-N-98-cv-00079-ECR-PHA).

On July 15, 1999, petitioner filed a motion to vacate judgment of conviction in the Sixth Judicial District Court for the State of Nevada. (Exhibit 31). On October 21, 1999, the state district court denied the motion. (Exhibit 34).

On January 7, 2000, petitioner filed a second post-conviction habeas petition and a memorandum of points and authorities in support of the petition in the state district court. (Exhibits 35 & 36). On August 30, 2000, the state district court denied the petition. (Exhibit 43). Petitioner appealed. (Exhibit 44). On February 14, 2002, in Case No. 36739, the Nevada Supreme Court affirmed the denial of post-conviction habeas petition. (Exhibit 52).

On September 11, 2008, petitioner filed a third post-conviction habeas petition in the Sixth Judicial District Court. (Exhibit 64). The State filed an answer to the petition, which included a motion to dismiss. (Exhibit 70). Petitioner filed a reply and opposition. (Exhibit 71). On June 22, 2009, the state district court granted the State's motion to dismiss, in part, and granted the petition, in part. (Exhibit 72). The state district court found the petition untimely and successive. (*Id.*). Despite the fact that the petition was untimely and successive, the court found that state law barred petitioner's conviction for both solicitation to commit murder and principal to attempted murder. (*Id.*). The state district court dismissed Count I, solicitation to commit murder. (*Id.*). An amended judgment of conviction was filed on June 30, 2009. (Exhibit 73).

Petitioner filed two notices of appeal. The first notice of appeal was filed on July 13, 2009, seeking to appeal the state district court's order granting in part and denying in part, the habeas petition. (Exhibit 74). Petitioner's second notice of appeal, filed July 15, 2009, was a direct appeal from the amended judgment of conviction. (Exhibit 75).

In the appeal from the amended judgment of conviction, in Case No. 54189, on August 25, 2009, the Nevada Supreme Court dismissed the appeal. (Exhibit 78). The Nevada Supreme Court ruled that: "Because the amended judgment of conviction did not otherwise alter the judgment of conviction, appellant is not an aggrieved party. Only an aggrieved party may appeal. NRS 177.015." (*Id.*, at p. 1). The Court further ruled that, to the extent petitioner sought to appeal from

the original judgment of conviction, the notice of appeal was untimely because it was filed more than 13 years after entry of the original judgment of conviction. (*Id.*, at pp. 1-2). Remittitur issued on September 22, 2009. (Exhibit 81).

      In the appeal from the district court's order granting in part and denying in part the habeas petition, on February 4, 2010, in Case No. 54171, the Nevada Supreme Court found that the petition was subject to procedural bars as untimely, successive, and an abuse of the writ. (Exhibit 82). The Court further found that petitioner had not established good cause or actual innocence to overcome the procedural bars. (*Id.*). The Nevada Supreme Court affirmed the judgment of the state district court. (*Id.*). Remittitur issued on March 2, 2010. (Exhibit 83).

      On June 23, 2010, petitioner dispatched a *pro se* federal habeas petition to this Court, which was filed in the instant case. (Petition, ECF No. 3, at p. 1, item 5). In the petition, petitioner raised 42 claims, including ineffective assistance of counsel claims for failing to advise petitioner of and perfect a direct appeal from the conviction, failing to advise of the facts and law causing petitioner's guilty plea to be unknowing, unintelligent and involuntary, and for failing to tell petitioner that he could not be convicted of both solicitation to commit murder and attempted murder. (ECF No. 3). On July 9, 2010, this Court dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d), and alternatively, as a second or successive petition pursuant to 28 U.S.C. § 2244(b). (ECF No. 2). The Court's order also denied petitioner a certificate of appealability. (*Id.*). The Clerk entered judgment on July 9, 2010. (ECF No. 4). Petitioner appealed this Court's order and judgment. (ECF No. 5).

      On January 21, 2011, the Ninth Circuit Court of Appeals granted petitioner a certificate of appealability on two issues: (1) Whether the district court erred in summarily denying the petition as untimely without first offering appellant an opportunity to justify the facially untimely filing; and (2) whether the petition was properly dismissed on the alternative grounds as an unauthorized second or successive petition, in light of the amended judgment. (ECF No. 10). The panel appointed counsel to represent petitioner. (ECF No. 10, at p. 2). By order filed January 27, 2011, this Court appointed the Federal Public Defender to represent petitioner in the appeal. (ECF No. 11).

      On April 2, 2012, the Ninth Circuit Court of Appeals filed a published opinion. *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012); ECF No. 16. The Court of Appeals ruled that this Court erred

when it dismissed the petition as untimely without first providing petitioner notice and an opportunity to respond. *Wentzell*, 674 F.3d at 1126. The Court of Appeals also ruled that the second federal habeas petition was not successive because it attacked a separate judgment than the first federal habeas petition – the amended judgment of conviction. *Id.* at 1127-28.

Respondents filed a petition for rehearing and suggestion for rehearing en banc, which the Ninth Circuit denied on June 22, 2012. (ECF No. 18). Respondents filed a petition for a writ of *certiorari* in the United States Supreme Court. On May 13, 2013, the United States Supreme Court denied respondents' petition for a writ of *certiorari*. (ECF No. 26). The Ninth Circuit issued its mandate on June 6, 2013. (ECF No. 27). This Court filed an order on June 11, 2013, reopening this case and directing the filing of an amended petition. (ECF No. 30).

On February 11, 2014, acting through counsel, petitioner filed an amended petition (ECF No. 43) and exhibits in support of the amended petition (ECF Nos. 39-42). The amended petition contains two grounds for relief. In Ground 1, petitioner alleges that trial counsel was ineffective for failing to inform him of his right to file a direct appeal, by failing to consult with petitioner regarding his substantive appellate rights and state law procedural time limitations, and by failing to file a notice of appeal despite repeated requests to do so by petitioner and his family. (ECF No. 43, at pp. 10-13). In Ground 2, petitioner alleges that his guilty pleas were not knowingly and voluntarily entered because they were not the product of effective assistance of counsel and because petitioner was not properly informed of the charges against him by the charging document or by the state district court's plea canvass. (*Id.*, at pp. 13-17). On April 30, 2014, respondents filed a motion to dismiss the amended petition. (ECF No. 48). Petitioner filed a response to the motion to dismiss on July 23, 2014. (ECF No. 56). Respondents filed a reply to the response on August 13, 2014, along with a motion to file a late pleading. (ECF Nos. 61 & 62). Respondents' motion for leave to file a late reply is granted, *nunc pro tunc*.

**II. Discussion**

Respondents assert that the claims in the amended petition were procedurally defaulted on independent and adequate state grounds, and that therefore the claims are procedurally barred from federal review.

-5-

**A. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

**B. The Issues Raised in the Federal Amended Petition Were Procedural Defaulted in State Court on Independent and Adequate State Grounds**

In the amended petition, petitioner asserts that the claims raised in the amended federal petition were raised in his third state post-conviction habeas petition filed in the Sixth Judicial District Court for the State of Nevada. (ECF No. 43, at p. 8 (citing Exhibits 64 & 67)). In an order filed February 4, 2010, the Nevada Supreme Court ruled that the third state post-conviction habeas

petition was untimely pursuant to NRS 34.726(1) and successive pursuant to NRS 34.810(2). (Exhibit 82).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the Ninth Circuit announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id.* at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* However, where the Ninth Circuit has already made a determination on the adequacy of a rule, the petitioner must cite cases "demonstrating subsequent inconsistent application" to meet his burden under *Bennett. King v. LaMarque*, 464 F.3d 963, 967 (9th Cir. 2006). If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Bennett v. Mueller*, 322 F.3d 586*; see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006).

As stated, by order filed February 4, 2010, the Nevada Supreme Court ruled that petitioner's third state post-conviction habeas petition was untimely under NRS 34.726(1) and successive under NRS 34.810(2). (Exhibit 82). The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the successive petition rule of NRS 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

1  In his opposition, petitioner states that the Nevada Supreme Court's procedural default of his claims was inadequate to foreclose federal habeas review. (ECF No. 56, at pp. 8-12). However, petitioner fails to cite any cases or make any specific factual allegations showing subsequent inconsistent application of the procedural bars at NRS 34.726(1) and NRS 34.810(2). Therefore petitioner has not met his burden of calling into question the adequacy of the state court procedural rules at NRS 35.726(1) and NRS 35.810(2). *See Bennett v. Mueller*, 322 F.3d 586*; see also King v. Lamarque,* 464 F.3d at 966-67.

Moreover, petitioner's discussion of the purported inadequacy of the procedural bar at NRS 177.015 is not relevant, because the Nevada Supreme Court's order resolving petitioner's third state post-conviction petition did not rely on NRS 177.015. (ECF No. 56, at pp. 7-10; Exhibit 82). Petitioner's assertion that the Nevada Supreme Court's order, filed August 25, 2009, resolved his third state post-conviction habeas petition is incorrect. Rather, the Nevada Supreme Court's order filed August 25, 2009, resolved the direct appeal from the amended judgment of conviction. (Exhibit 78). That order did invoke the procedural bar of NRS 177.015, but that order is not at issue, because petitioner clearly states that the claims in his federal amended petition are based on his third state post-conviction habeas petition, which was resolved by the Nevada Supreme Court's order filed February 4, 2010. (ECF No. 43, at p. 8; Exhibit 82).

This Court finds that the Nevada Supreme Court's application of the procedural bars of NRS 34.726(1) and NRS 34.810(2) in its order filed February 4, 2010 constitutes independent and adequate grounds for the Court's denial of petitioner's appeal from the state district court's order resolving the third state post-conviction habeas petition. Because the federal habeas petition asserts the same claims made in the procedurally defaulted third state post-conviction habeas petition, the federal petition is procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

**C. Cause and Prejudice/Fundamental Miscarriage of Justice**

To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the

-8-

defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324. In the instant case, petitioner has not made a showing of actual innocence or otherwise shown that a fundamental miscarriage of justice will occur if his claims are barred from federal review.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988). In the instant case, petitioner has not addressed, much less proven, the existence of cause and prejudice to excuse the procedural default. This Court finds that the issues raised in the federal amended petition were procedurally defaulted in state court, and petitioner has failed to show either a fundamental miscarriage of justice, or cause and prejudice to excuse the procedural

default. As such, the amended petition is barred from review by this Court and will be dismissed with prejudice.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the amended petition as procedurally barred debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to file a late reply (ECF No. 61) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 48) is **GRANTED** to the extent that the amended petition is **DISMISSED WITH PREJUDICE** as procedurally barred.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

/ / / / / / / / / / /

1  **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT**
2  **ACCORDINGLY.**
3      Dated this  23rd  day of March, 2015.

                                                                           _____
                                                                           ROBERT L. HUNT
                                                                           UNITED STATES DISTRICT JUDGE